Chief Justice Marshall
delivered the opinion of the Court.
This action of ejectment-was brought in 1849, upon the demise of the trustees of the Franklin Academy,. claiming under a patent which issued to the trustees of the Franklin Academy in 1803, and which is the oldest patent exhibited in this case. John Hall, Jr., was in possession for John Hall, Sr., of fifty acres, under a patent for that quantity dated in 1831, and which issued to one Fawn, from whom John Hall derives title by deed. This patent is entirely within the boundaries of the plaintiffs’ patent, but it was proved that the claimants under this junior patent had been in possession, within its boundary, for more than twenty years before the commencement of this action,- having at first an enclosure of five acres, which had been extended within the twenty years. This was a possession of twenty years, and entitled the defendants, the Halls, to a verdict as to the entire fifty acres, upon the presumption, not contradicted by anything in the record, that the possession was taken and held under claim to the boundaries of the survey.
John Hall, Sr., was also in possession under a patent for two hundred acres, issued to one Green in 1808, one corner of which interfered, to the extent *474 of a very few acres, (apparently not more than five or six,) with'the elder patent of the plaintiffs’ lessors, as claimed by them, But he had no enclosure, nor any actual possession within the interference; and as his possession, outside of the elder patent, could not be- extended within it by mere presumption or construction, there was no possession of this small interference, to obstruct the right of the elder patentees, and the defendant, John Hall, Sr., was entitled to a verdict as to this interference, because he was never in possession of it.
3. The Court of Appeals will of their own mere motion award a certiorari to the clerk of the inferior court where there is a strong presumpt ion from the facts appearing in the record that the clerk has copied a paper erroneously.
The defendant, John Garret, exhibited a patent to himself, dated in 1839, for two hundred and fifty acres, lying wholly within the boundary of the elder patent as claimed, and proved that he had been in possession, and lived within the boundaries of his patent for (as the copy of the bill of exceptions in the transcript states,) two years last past — that is, preceding the trial, which was on the 29th day of April, 1851. But two years last past would not reach back to the time when the notice in this action was served on Garret. If the proof as to Garret’s possession be truly stated in the transcript, he had no pretext for claiming protection on the ground of length of possession; but the court gave an instruction with reference to the case, which authorized the jury to find for him, on the ground of actual settlement and residence within his patent for more than seven years before the commencement of the action. This, upon the proof as stated in the record, would have been so palpably without foundation or authority in the evidence, that looking to the date of Garret’s patent, more than eleven years before the trial, and considering the fact that a possession of two years before the trial would not include the commencement of the suit, and could not possibly have constituted even a supposed bar to the action, we think there is, in all probability, a mistake in copying the bill of exceptions into the transcript, and as we know that the words ten and two are often so *475 written that it is difficult to determine which was intended, we may conjecture that the proof was that Garret had been living within his patent for ten instead of two years, and that it was so stated, or intended to be so stated, in the original bill of exceptions. If this be so the instruction had a sufficient basis in the evidence with respect to Garret’s case as well as the others, and as there would have been no error in giving or refusing instructions, the judgment would be affirmed ; but as we cannot, upon this conjecture, however probable, affirm a judgment which, as the record stands, is obviously and substantially erroneous, we suspend the determination of the case in this court until the return of a certiorari, which, as the affirmance'of the judgment depends upon it, the court orders, ex mero moter, for the purpose of ascertaining with more certainty than at present, the true state of the evidence with regard to Garret’s possession within his patent.
Wherefore it is ordered that a certiorari be issued from this court to the clerk of the circuit court of Caldwell county, requiring him to certify a true copy of that part of the bill of exceptions in this case which follows immediately after the statement of the reading of Garret’s patent, and states the- proof made by him, beginning with the words “and proved he had been in possession,” and closing with the words “years last past.”
Afterwards, it appearing upon the return of the certiorari that the bill of exceptions states that the defendant, John Garret, proved “that he had been in possession, and lived within the boundaries of his patent ten years last past;” therefore the judgment is affirmed.